J-S05003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY ELLIS BLAIR | : | |
| | : | |
| Appellant | : | No. 639 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 6, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005326-2017

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY SHOGAN J.:                    **FILED MARCH 13, 2020**

Appellant, Henry Ellis Blair, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County.  Upon careful review, we remand this matter to the trial court for the preparation of a Pa.R.A.P. 1925(a) opinion within forty-five days of the date of this judgment order.

Appellant, *pro se*, filed the instant appeal, which was received in the trial court on April 8, 2019.  After the appointment of appellate counsel, on May 16, 2018, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied.  Among the issues raised by Appellant in his Pa.R.A.P. 1925(b) statement is a challenge to the sufficiency of the evidence, which he also presents to this Court in his appellate brief.  Pa.R.A.P. 1925(b) Statement, 6/18/19, at 1; Appellant's Brief at 7.

In its Pa.R.A.P. 1925(a) opinion, the trial court concluded that Appellant's claim cannot be addressed due to a lack of trial transcripts in the certified record. Trial Court Opinion, 7/16/19, at 4-5. The trial court stated:

> As Appellant failed to request a trial transcript, this [c]ourt is at a loss in writing an Opinion to comply with the Pennsylvania Rules of Appellate Procedure as Appellant's Concise Statement indicates that one of the reasons this [c]ourt erred was based off the jury trial (sufficiency and weight of the evidence adduced at trial). Additionally, it is not the duty of the trial court to ensure that the appellate record be complete enough to enable sufficient review of the case. It is incumbent on the Appellant to ensure that the trial record is complete "in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."

*Id*. at 4 (footnote omitted). The trial court concluded that the issue is waived and requested that this appeal be dismissed. *Id*. at 5.

In its brief, the Commonwealth noted that the relevant transcripts were timely lodged in the trial court, and the Commonwealth requested that the case be remanded for the completion of a Pa.R.A.P. 1925(a) opinion. Commonwealth's Brief at 4-5. Upon review of the certified record, we agree with the Commonwealth that the relevant transcripts were present in the certified record prior to the trial court authoring its Pa.R.A.P. 1925(a) opinion. Specifically, the transcripts of the jury trial held on February 12, 2019, were lodged on March 1, 2019. Docket Entry dated 3/1/19. The transcripts of the sentencing hearing held on March 6, 2019, were lodged on March 12, 2019. Docket Entry dated 3/12/19. Moreover, the trial court's original record certification document received by this Court on August 7, 2019, indicates that

two transcripts of testimony were forwarded to the Court along with the trial court record and trial court opinion. Accordingly, we are satisfied that the trial court mistakenly concluded that the relevant transcripts were unavailable at the time it prepared its Pa.R.A.P. 1925(a) opinion.

Hence, we remand this matter to the trial court for completion of a supplemental Pa.R.A.P. 1925(a) opinion addressing the issue challenging the sufficiency of the evidence presented to this Court in Appellant's counseled brief. Said opinion is to be filed with this Court within forty-five days of the date of the filing of this judgment order.

Case remanded with instructions. Panel jurisdiction retained.